IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:15-CV-00072-F

| | |
|---|---|
| CARRIE L. JONES,<br>   Plaintiff/Claimant,<br><br>v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br>   Defendant. | )<br>)<br>)<br>) <u>O R D E R</u><br>)<br>)<br>)<br>) |

Before the court are the following:

> (1) the Memorandum and Recommendation ("M&R") [DE-21] of United States Magistrate Judge Robert B. Jones, Jr.; and
> (2) the parties' cross Motions for Judgment on the Pleadings [DE-15, -18], pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

The matters have been fully briefed and are now ripe for ruling. For the reasons addressed below, the court ADOPTS in part the findings and recommendations of the Magistrate Judge. Plaintiff's Motion for Judgment on the Pleadings [DE-15] is ALLOWED, and Defendant's Motion for Judgment on the Pleadings [DE-18] is DENIED. This case will be REMANDED to the Commissioner for further proceedings consistent with this order.

## I. Discussion

### A. Magistrate Judge's M&R

#### 1. Legal Standard

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This court is charged with making a

*de novo* determination of those portions of the recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). In the absence of a timely-filed objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

On June 18, 2016, the Magistrate Judge issued a M&R recommending that Plaintiff's Motion for Judgment on the Pleadings [DE-15] be DENIED, Defendant's Motion for Judgment on the Pleadings [DE-18] be ALLOWED, and the Commissioner's final decision be AFFIRMED. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the M&R and the consequences if they failed to do so. On July 26, 2016, Plaintiff filed an Objection [DE-22] to the Magistrate Judge's M&R.

## 2. Plaintiff's Objection

**The Magistrate Judge erred when he found that the ALJ's error at step four was harmless.**

In her sole objection, Plaintiff contends that the Magistrate Judge erred by concluding that the Administrative Law Judge ("ALJ") committed harmless error at step four in the sequential evaluation. Objections [DE-22] at 2. Specifically, Plaintiff asserts that the ALJ found she was unable to do any overhead reaching with her left arm. *Id.* Plaintiff further asserts that the ALJ stated she was relying on the testimony of the vocational expert ("VE") that even if Plaintiff were limited to a light residual functional capacity ("RFC") for lifting, she could still perform her past

2

relevant work as a cleaner/housekeeper as defined by the Dictionary of Occupational Titles ("DOT"). *Id.* According to Plaintiff, the DOT title for cleaner, housekeeper explains that the job requires frequent reaching. *Id.* Plaintiff concludes there is an apparent conflict between the VE's testimony that she could perform her past relevant work as a cleaner, housekeeper with a restriction of no overhead reaching with the left arm and the DOT's requirement of frequent reaching. *Id.*

The relevant part of the Magistrate Judge's M&R discusses Plaintiff's argument that the opinion of consulting physician Dr. Masere is inconsistent with the ALJ's RFC because Dr. Masere found Plaintiff had moderate limitations in lifting due to limited range of motion and pain. M&R [DE-21] at 12. The Magistrate Judge noted that although the ALJ gave Dr. Masere's opinion "considerable weight" and imposed restrictions of "frequent, but not constant, reaching overhead with the right arm" and no reaching with the left arm, the ALJ's finding that Plaintiff could perform medium work[1] involving "lifting and/or carrying objects weighing up to 25

---

[1] "Medium work" is defined as "lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. § 404.1567(c). Medium work is further defined as follows:

> A full range of medium work requires standing or walking, off and on, for a total of approximately 6 hours in an 8-hour workday in order to meet the requirements of frequent lifting or carrying objects weighing up to 25 pounds. As in light work, sitting may occur intermittently during the remaining time. Use of the arms and hands is necessary to grasp, hold, and turn objects, as opposed to the finer activities in much sedentary work, which require precision use of the fingers as well as use of the hands and arms.
>
> The considerable lifting required for the full range of medium work usually requires frequent bending-stooping (Stooping is a type of bending in which a person bends his or her body downward and forward by bending the spine at the waist.) Flexibility of the knees as well as the torso is important for this activity. (Crouching is bending both the legs and spine in order to bend the body

3

pounds on a frequent basis and up to 50 pounds on an occasional basis" is at odds with Dr. Masere's opinion that Plaintiff would have moderate limitations with lifting and carrying weight. *Id.* The Magistrate Judge concluded that the ALJ failed to explain this material contradiction, and the failure to do so was error. *Id.* The Magistrate Judge, however, ultimately found that the error was harmless based on the ALJ's finding that Plaintiff could also perform her past relevant light exertion work[2]. *Id.* This court disagrees.

The Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles (SCO), the DOT's companion publication that is published by the

---

downward and forward.) However, there are a relatively few occupations in the national economy which require exertion in terms of weights that must be lifted at times (or involve equivalent exertion in pushing or pulling), but are performed primarily in a sitting position, e.g., taxi driver, bus driver, and tank-truck driver (semiskilled jobs). In most medium jobs, being on one's feet for most of the workday is critical. Being able to do frequent lifting or carrying of objects weighing up to 25 pounds is often more critical than being able to lift up to 50 pounds at a time.

SSR 83-10, 1983 WL 31251, at *6.

[2] "Light work" is defined as follows:

Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b).

4

Department of Labor, provides that a cleaner, housekeeper requires reaching "frequently[3]." SCO as Defined in the Revised DOT Titles, § 05.12.18 (Dept. of Labor 1993); *see* DOT § 323.687.014 (Dept. Of Labor 1977). Thus, there is an apparent conflict between the VE's testimony that Plaintiff could perform her past relevant work as a cleaner, housekeeper with the restriction of *no overhead reaching with the left arm* (R. 73) and the DOT's requirement that the job includes *frequent reaching*. The apparent conflict between the VE's testimony and the DOT is significant because SSR 00-4p places an affirmative duty on the ALJ to elicit a reasonable explanation from the VE regarding any "apparent unresolved conflict" between the VE's testimony and the DOT before relying on the VE to support a disability decision. SSR 00-4p, 2000 WL 1898704, at *2, 4.

In sum, the Magistrate Judge erred in concluding that the ALJ's finding that Plaintiff could also perform her past relevant light exertion work as a cleaner, housekeeper was harmless error. Consequently, this court declines to fully adopt the Magistrate Judge's M&R.

## II. Conclusion

In light of the foregoing, upon *de novo* review of the portion of the Magistrate Judge's M&R to which a specific objection was filed, the court ADOPTS in part the findings and recommendations of the Magistrate Judge [DE-21]. The court concludes that the ALJ's error at step four requires remand of this matter. Accordingly, Plaintiff's Motion for Judgment on the Pleadings [DE-15] is ALLOWED, and Defendant's Motion for Judgment on the Pleadings [DE-18] is DENIED. This case is REMANDED to the Commissioner for further proceedings

---

[3] The term "frequently" is defined as an "[a]ctivity or condition [that] exists from 1/3 to 2/3 of the time." SCO as Defined in the Revised DOT Titles, App. C.

5

consistent with this order.

SO ORDERED.

This, the 2 6 day of August, 2016.

*James C Fox*
JAMES C. FOX
Senior United States District Judge